Joseph J. Torres (Admitted *Pro Hac Vice*)
Sheila P. Frederick (Admitted *Pro Hac Vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601
Telephone:    312-558-6700
Facsimile:    312-558-5700
E-mail:    jtorres@winston.com
           sfrederick@winston.com

Robert Spagat (SBN:  157388)
Allison M. Dibley (SBN:  213104)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5894
Telephone:    415-591-1000
Facsimile:    415-591-1400
E-mail:    rspagat@winston.com
           adibley@winston.com

Attorneys for Defendant
THE ABBOTT SEVERANCE PAY PLAN FOR
FORMER U.S. GUIDANT EMPLOYEES,
2006 EDITION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARK MURRAY, | Case No. C 08-00906  JW PVT |
| Plaintiff, | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| vs. | |
| ABBOTT LABORATORIES, INC., | |
| Defendant. | |

Defendant, THE ABBOTT SEVERANCE PAY PLAN FOR FORMER U.S. GUIDANT EMPLOYEES, 2006 EDITION (the "Plan"), hereby responds to the Complaint filed by Plaintiff, MARK MURRAY ("Murray").  Per the Stipulation and Proposed Order Regarding Substitution of the Named Defendant filed by the parties on March 25, 2008, Abbott Laboratories, Inc. ("Abbott") is

1

not a defendant in this action, and all references in the Complaint to "Abbott" are now references to the Plan. The Plan hereby denies any allegation not specifically admitted herein and further states the following:

1. The Plan admits the allegations of Paragraph 1, but denies that it has engaged in any unlawful or improper action toward Murray, including, but not limited to, any action that violates the cited provisions of ERISA.

2. The Plan admits that venue is proper pursuant to 28 U.S.C. § 1391(b)(2). Answering further, the Plan denies that any wrongful events or omissions took place in this judicial district and, therefore, denies that allegation of Paragraph 2.

3. The Plan admits that Abbott is licensed to do business and is doing business in the State of California and this judicial district. Answering further, the Plan states that Abbott is not a defendant in this action.

4. The Plan admits that Murray worked for Abbott from April 21, 2006 to May 12, 2006. Answering further, the Plan admits that Abbott established and maintains the Plan, an employee welfare benefits plan within the meaning of ERISA.

5. The Plan is without knowledge or information sufficient to form a belief as to where Murray resides and, therefore, denies those allegations of Paragraph 5. Answering further, the Plan admits that Murray was a participant in the Plan, as that term is defined in Sections 2 and 10 of the Plan, during the period of his employment with Abbott.

6. The Plan denies the allegations of the first sentence of Paragraph 6. Answering further, the Plan admits that Murray submitted a claim for severance benefits under the Plan.

7. The Plan admits that it denied Murray's claim for severance benefits that are the subject of this action under the Plan. Answering further, the Plan states that Murray did receive

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

other benefits under other benefit plans that are not the subject of this action. The Plan denies the remaining allegations of Paragraph 7.

8. The Plan admits that Murray appealed the denial of his claim for severance benefits that are the subject of this action under the Plan. The Plan admits that Murray and his representative provided information to the Plan regarding the denial of this claim. The Plan admits that it denied Murray's appeal. Answering further, the Plan denies the remaining allegations of Paragraph 8.

9. The Plan denies the allegations of Paragraph 9.

10. The Plan denies the allegations of Paragraph 10.

11. The Plan denies the allegations of Paragraph 11.

12. The Plan denies the allegations of Paragraph 12.

13. The Plan admits that Murray seeks the relief outlined in Paragraph 13, but denies that it has engaged in any lawful or improper conduct toward Murray, including but not limited to, wrongfully denying him severance benefits and denies that Murray is entitled to any of the relief he claims in Paragraph 13.

14. The Plan denies the allegations of the unnumbered WHEREFORE Paragraph and further denies that Murray is entitled to any relief whatsoever. Answering further, the Plan denies that Murray is entitled to any relief beyond those benefits specifically provided for under the Plan.

## **AFFIRMATIVE DEFENSES**

1. Murray fails to state a claim upon which relief may be granted because all determinations made by the Plan with regard to Murray were in accordance with plan documents and were not arbitrary and capricious because Murray voluntarily resigned from Abbott.

///

///

///

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

WHEREFORE, the Plan prays that the Complaint be dismissed with prejudice and that this Court order such other and further relief as is just and proper.

Dated: April 7, 2008                                 WINSTON & STRAWN LLP

                                        By:    /s/  Allison M. Dibley
                                                Attorneys for Defendant
                                                ABBOTT LABORATORIES, INC.