Joseph J. Torres (Admitted *Pro Hac Vice*)
Sheila P. Frederick (Admitted *Pro Hac Vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601
Telephone:   312-558-5600
Facsimile:    312-558-5700
Email: jtorres@winston.com
       sfrederick@winston.com

Robert Spagat (SBN: 157388)
Allison M. Dibley (SBN: 213104)
WINSTON & STRAWN LLP
101 California Street
San Francisco, California  94111-5894
Telephone:   415-591-1000
Facsimile:    415-591-1400
Email: rspagat@winston.com
       adibley@winston.com

Attorneys for Defendant
THE ABBOTT SEVERANCE PAY PLAN
FOR FORMER U.S. GUIDANT
EMPLOYEES, 2006 EDITION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK MURRAY,<br><br>          Plaintiff,<br><br>     v.<br><br>THE ABBOTT SEVERANCE PAY PLAN FOR FORMER U.S. GUIDANT EMPLOYEES, 2006 EDITION,<br><br>          Defendant. | CASE NO.:  C 08-00906 JW<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

# TABLE OF CONTENTS

INTRODUCTION ..........................................................................................................................1

ARGUMENT .................................................................................................................................1

    I.     Murray Concedes The Abuse Of Discretion Standard Applies .....................................1

    II.    The Plan Administrator Properly Denied Plaintiff's Claim For Severance Benefits ....2

    III.   Murray Is Not Entitled To An Award Of Attorney's Fees ...........................................7

CONCLUSION ..............................................................................................................................8

i

Defendant's Response In Opposition To Plaintiff's Notice Of Motion And Motion For Summary Judgment Or Summary Adjudication And Memorandum Of Points And Authorities In Support Thereof, Case No. C08-00906 JW

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abatie v. Alta Health & Life Insurance Co.*,
 458 F.3d 955 (9th Cir. 2006) ..................................................................................................2

*Atwood v. Newmont Gold Co., Inc.*,
 45 F.3d 1317, 1323-24 (9th Cir. 1995) ................................................................................2, 7

*Bogue v. Ampex Corp.*,
 976 F.2d 1319 (9th Cir. 1992) ................................................................................................5

*Canseco v. Construction Laborers Pension Trust for Southern California*,
 93 F.3d 600 (9th Cir. 1996) .........................................................................................2, 3, 4, 7

*Estate of Shockley v. Alyeska Pipeline Service Co.*,
 130 F.3d 403 (9th Cir. 1997) ..................................................................................................1

*Hummell v. S.E. Rykoff & Co.*,
 634 F.2d 446 (9th Cir. 1980) ..................................................................................................7

*Jung v. FMC Corp.*,
 755 F.2d 708 (9th Cir. 1985) ..................................................................................................5

*Martin v. Continental Casualty Co.*,
 96 F. Supp. 2d 983 (N.D. Cal. 2000) ......................................................................................2

*Oster v. Barco of California Employees' Retirement Plan*,
 869 F.2d 1215 (9th Cir. 1988) ................................................................................................2

*Saffron v. Wells Fargo & Co. Long Term Disability Plan*,
 522 F.3d 863 (9th Cir. 2008) ..........................................................................................2, 4, 6

*Snow v. Standard Insurance Co.*,
 87 F.3d 327, 333 (9th Cir. 1996), *rev'd on other grounds*, 182 F.3d 927 (9th Cir. 1999) ........5

*Taft v. Equitable Life Assurance Society*,
 9 F.3d 1469 (9th Cir. 1993) ............................................................................................2, 4, 7

*Williams v. Interpublic Severance Pay Plan,*
 523 F.3d 819 (7th Cir. 2008) ..................................................................................................6

ii

Defendant's Response In Opposition To Plaintiff's Notice Of Motion And Motion For Summary Judgment Or Summary Adjudication And Memorandum Of Points And Authorities In Support Thereof, Case No. C08-00906 JW

## INTRODUCTION

Defendant submits this response in opposition to Plaintiff's Motion for Summary Judgment or Summary Adjudication. In his opening brief (hereinafter cited as "Pl. Br. at __"), Plaintiff Mark Murray ("Plaintiff" or "Murray") argues that the Defendant abused its discretion in denying Plaintiff's claim. As outlined in Defendant's opening brief and further discussed *infra,* the facts and law are to the contrary. In his opposition brief, Murray concedes that a highly deferential standard of review applies, but then asks the Court to ignore that standard by substituting Murray's preferred interpretation for the Plan Administrator's reasoned interpretation. But as discussed *infra*, the fact that alternate interpretations could be drawn from the administrative record does not establish an abuse of discretion.

When the analysis is properly focused on the Plan Administrator's interpretation, the evidence shows no abuse of discretion. The Plan Administrator reasonably interpreted job elimination and functional equivalence within the context of Abbott's integration of Murray's finance position within the larger Abbott organization.

Because Plaintiff has failed to establish any grounds for overturning the decision of the Claim Administrator and the Plan Administrator (hereinafter collectively referred to as the "Plan Administrator"), his motion for summary judgment must be denied and Defendant's motion must be granted.[1]

## ARGUMENT

**I.    Murray Concedes The Abuse Of Discretion Standard Applies**

Notably, Murray admits that the proper standard of review applicable in this case is the abuse of discretion standard. Pl. Br. at 10-11. Because this standard applies, the Plan Administrator's decision may not be easily disturbed. Rather, it must be upheld if based on a rational explanation. *Estate of Shockley v. Alyeska Pipeline Service Co.,* 130 F.3d 403, 405 (9th Cir. 1997); *see also*

---

[1] Defendant herein incorporates by reference its Notice Of Motion And Motion For Summary Judgment Or Summary Adjudication And Memorandum Of Points And Authorities In Support Thereof and all facts cited therein.

1

Defendant's Response In Opposition To Plaintiff's Notice Of Motion And Motion For Summary Judgment Or Summary Adjudication And Memorandum Of Points And Authorities In Support Thereof, Case No. C08-00906 JW

1  *Martin v. Cont'l Cas. Co.,* 96 F. Supp. 2d 983, 990 (N.D. Cal. 2000). The Plan Administrator's decision can only be overturned if the decision is "so patently arbitrary and unreasonable as to lack foundation in factual basis." *Oster v. Barco of Cal. Employees' Ret. Plan,* 869 F.2d 1215, 1218 (9th Cir. 1988).

Recognizing the high level of deference this standard bestows, the Ninth Circuit has held that an administrator only abuses its discretion where it renders a decision without explanation, or in a way that conflicts with the plan's plain language, or that is based on clearly erroneous findings of fact. *Atwood v. Newmont Gold Co., Inc.*, 45 F.3d 1317, 1323-24 (9th Cir. 1995), *overruled on other grounds by Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955 (9th Cir. 2006). But the fact that the administrator's determination is directly contrary to some evidence in the record does not establish that the decision constitutes an abuse of discretion. *Taft v. Equitable Life Assurance Soc'y*, 9 F.3d 1469, 1473-74 (9th Cir. 1993), *overruled in part on other grounds by Saffron v. Wells Fargo & Co. Long Term Disability Plan,* 522 F.3d 863 (9th Cir. 2008). Instead, in order to accord the administrator sufficient deference under the applicable standard of review, the Court must arrive at a "definite and firm conviction that a mistake has been committed." *Id.* Thus, the question is not "whose interpretation of the plan documents is most persuasive." *Canseco v. Constr. Laborers Pension Trust of S. Cal.*, 93 F.3d 600, 606 (9th Cir. 1996) (citations and internal quotations omitted).

Viewed within this precedent, and taking into account the business considerations surrounding Abbott's acquisition and integration of that portion of Guidant which it purchased, Murray's arguments fail to establish that the Plan Administrator abused its discretion in denying Murray's claim for severance benefits.

**II.    The Plan Administrator Properly Denied Plaintiff's Claim For Severance Benefits**

As explained in Defendant's opening brief, the Plan Administrator did not abuse its discretion in denying Plaintiff's claim for severance benefits. Taking into account the context of Abbott's acquisition of a piece of Guidant and Abbott's need to integrate that business into the larger and existing Abbott business structure, the Plan Administrator reasonably concluded that Murray's job was not eliminated and/or he had been offered a functionally equivalent position. Def. Br. at 10-

12. Under established precedent, this interpretation is entitled to deference. *Id*. and cases cited therein.

In his opposition brief, Murray seeks to ignore the standard of review that he concedes applies and further seeks to ignore the context in which his claim for benefits arose. Instead, Murray argues that he has established an abuse of discretion because he provided "specific, concrete reasons and analysis" to allegedly demonstrate that the job he was offered was not the functional equivalent of his Guidant position. Pl. Br. at 11. Specifically, Murray argues that the Plan Administrator should have given greater credence to the facts that Murray's new job: (a) would service fewer divisions that he had at Guidant; (b) was organizationally one rung lower than at Guidant; and (c) did not include several duties that Murray performed at Guidant.[2] Pl. Br. at 11-13.

But the discrepancies Murray purportedly outlines simply demonstrate that he would have preferred the Plan Administrator to have focused on different criteria in evaluating whether a job elimination occurred and/or whether he had been offered a functionally equivalent job. The fact that reasonable minds may differ does not establish an abuse of discretion. *Canseco,* 93 F.3d at 606.

Thus, while Murray wishes to focus on the fact that he had responsibility for three Guidant divisions, the Plan Administrator reasonably focused on his duties as they related to those portions of Guidant that Abbott purchased. AR 51. Similarly, while Murray notes that, after being integrated into Abbott he would have a job with "less scope, visibility" and that was lower on the organization chart, the Plan Administrator explained that it chose to interpret "job elimination" "to involve situations where business exigencies require downsizing or the complete elimination of a positions due to functional redundancies," not situations where "a person's employment is continued in a modified form in order to fit within the Abbott business model…". AR 51. Such an interpretation is well grounded in the relevant facts and circumstances surrounding Abbott's integration of Murray's finance position into the larger Abbott organization.

---

[2] Murray also suggests he was not told what his compensation would be. Pl. Br. at 12. However, he does not dispute that his compensation post-acquisition would not materially differ from his Guidant compensation, as was explained to him in his initial denial of benefits. AR 18.

Additionally, contrary to Murray's preferred interpretation, the Plan Administrator interpreted functional equivalence to focus on whether the employee continued to perform duties within the same skill set, based on the employee's "general function" as opposed to his "specific duties." AR 52.[3] Again, Murray makes no showing that this interpretation is not grounded in the facts and circumstances of this case.

Murray makes no showing that these interpretations could not be reasonably drawn from the record. Instead, Murray suggests an abuse of discretion has been established because the Plan Administrator allegedly failed to "account for the detailed and reasoned explanation by Murray of how the proposed position was not even close to being functionally equivalent." Pl. Br. at 13. But this argument misses the mark on several fronts.

*First*, having conceded that the abuse of discretion standard applies, Murray's attempt to posit an alternate means of analyzing whether a job elimination occurred and/or whether the position was functionally equivalent ignores established precedent that focuses the analysis on the reasonableness of a Plan Administrator's determination, not whether an alternate interpretation might exist. *Canseco,* 93 F.3d at 606. Thus, while Murray would have performed a more granular analysis of facts and duties he deemed relevant, this does not establish that the contrary approach

---

[3] Murray also seizes on the phrase "his job was eliminated," as well as other comments that were contained in some notes made by an Abbott attorney as part of the administrative review process, to suggest that the Plan Administrator abused its discretion by concluding Murray's job was not eliminated. Pl. Br. at 8. But Murray offers no explanation how these isolated notations, bereft of context, establishes anything definitive concerning his circumstances. The phrase could easily refer to Murray's argument in favor of severance, someone's opinion concerning same, or any number of other scenarios that may have arisen during a consideration of Murray's claim. However, as the Plan Administrator noted, he is ultimately charged with plan interpretation and the alleged fact that someone opined that Murray's position was eliminated does not mandate that the Plan Administrator reach that same conclusion where, based on an overall assessment of all relevant considerations, he could reach a reasoned, contrary determination. As noted *supra*, the fact that the Plan Administrator's determination is contrary to some evidence does not establish an abuse of discretion. *Taft*, 9 F.3d at 1473-74.

But even if the Court were to conclude that Murray's job was eliminated, based on the above notations or any other evidence in the record, the Plan Administrator's decision must still be upheld because Murray was still offered a functionally equivalent position. *See* discussion *supra* and *infra*.

---

4

Defendant's Response In Opposition To Plaintiff's Notice Of Motion And Motion For Summary Judgment Or Summary Adjudication And Memorandum Of Points And Authorities In Support Thereof, Case No. C08-00906 JW

adopted by the Plan Administrator constituted an abuse of discretion. *Cf. Snow v. Standard Ins. Co.*, 87 F.3d 327, 333 (9th Cir. 1996), *rev'd on other grounds*, 182 F.3d 927 (9th Cir. 1999) (cautioning against courts engaging in "intrusive" review in which requirement of "fine-gained determinations" would fail to give administrator appropriate deference).

In this regard, Murray's argument that the Plan Administrator allegedly "failed to account" for the facts proffered by Murray is a red herring. The Plan Administrator acknowledged Murray's contrary arguments. *See* AR 50-52. However, it also explained why it determined these facts did not mandate a contrary outcome. *See* discussion *supra*. The Plan Administrator did consider Murray's contrary arguments (AR 51-52); it simply concluded they did not warrant a contrary outcome based on the manner in which the Plan Administrator chose to interpret job elimination and functional equivalence. *Id.*

*Second*, Murray's approach asks that his new job be viewed within a vacuum, without regard to the fact that he was part of a small acquisition being added to a much larger organization. But courts have repeatedly recognized that a plan administrator may reasonably interpret terms to take into account considerations that lead to a denial of benefits, even where the literal terms of the plan might, under different circumstances, support a different outcome.

For example, in *Jung v. FMC Corp.*, 755 F.2d 708 (9th Cir. 1985), the Ninth Circuit affirmed the denial of severance for employees who were terminated as part of a sale of the division where they worked, but were then immediately employed by the buyer in comparable positions. The plaintiffs argued that their undisputed termination qualified them for benefits under the applicable severance plan. However, the administrator concluded that "termination" should not be interpreted to include situations where there was a simultaneous reemployment. *Id.* at 712-13. The Ninth Circuit, recognizing the possibility of a "range of reasonable interpretation," found the administrator's conclusion to be a "reasonable interpretation, made in good faith, and therefore not arbitrary or capricious under ERISA." *Id.* at 713.

Similarly, in *Bogue v. Ampex Corp.*, 976 F.2d 1319 (9th Cir. 1992), the Ninth Circuit again affirmed an administrator's denial of benefits where eligibility under the severance plan in question

5

Defendant's Response In Opposition To Plaintiff's Notice Of Motion And Motion For Summary Judgment Or Summary Adjudication And Memorandum Of Points And Authorities In Support Thereof, Case No. C08-00906 JW

turned on whether an employee received a "substantially equivalent" position.  While noting that the difference in the plaintiff's job "in some practical respects" was great, the administrator did not abuse its discretion in denying benefits where the jobs involved "comparable levels of responsibility." *Id*. at 1326; s*ee also Williams v. Interpublic Severance Pay Plan*, 523 F.3d 819, 822 (7th Cir. 2008) (court affirmed denial of severance claim where employee claimed new position was not comparable; employee's belief that new company's regional versus nationwide focus gave new job less prestige and argument that new job would serve smaller clients did not undercut administrator's decision; the relevant question was whether the jobs were comparable, not whether operations of company remain unchanged).

This precedent sensibly recognizes that which Murray seeks to ignore; the need to evaluate claims for severance benefits in context.  Properly viewed in that context, the Plan Administrator did not abuse its discretion in denying Murray's claim for severance benefits.  Moreover, it directly contradicts Murray's argument that the Plan Administrator allegedly rewrote the Plan to exclude situations where "employment is continued in a modified form in order to fit into the Abbott business model."  Pl. Br. at 9-10, n.6.  Under the above precedent, courts have recognized that administrators do not abuse their discretion by interpreting plans to take into account contextual business considerations surrounding a personnel action.  That is exactly what happened here and it falls comfortably within the broad discretion granted to the Administrator in interpreting the plan.  As the Plan Administrator noted, if functional equivalence only could mean "exact equivalence," there would have been no need for the Plan Administrator to have been granted discretion to interpret the plan to account for the myriad of circumstances that might arise.[4]  AR 52.

The Plan Administrator, in exercising its discretion to interpret the plan, was not required to engage in the type of granular analysis advocated by Murray, nor was he required to ignore the

---

[4] Under this illogical construction, any change to an acquired employee's position would render the job not functionally equivalent.  Thus, the President of an acquired division, who might lose some responsibilities and perhaps now report to a Group President, versus a CEO, would be able to claim severance benefits, even if he otherwise continued to use the same skill set and continued to perform the primary function of overseeing that acquired division.  Here, the Plan Administrator reasonably concluded that Murray, despite being integrated into the larger Abbott organization, continued to perform the same finance function.

6

Defendant's Response In Opposition To Plaintiff's Notice Of Motion And Motion For Summary Judgment Or Summary Adjudication And Memorandum Of Points And Authorities In Support Thereof, Case No. C08-00906 JW

business circumstances surrounding Murray's employment by Abbott and the need to fit his job into a larger, preexisting organization. *See* cases cited *supra*. Under established precedent, the fact there may be evidence in the record that might support a contrary outcome does not establish an abuse of discretion. *Taft,* 9 F.3d at 1474. The same is true of the fact that Murray may be able to construct an interpretation whereby benefits should be granted. Such an exercise misses the mark.

The fact that reasonable minds may differ does not establish that the Plan Administrator rendered a decision without explanation or one that is based on erroneous findings of fact. *Atwood,* 45 F.3d at 1323. While Murray believes an emphasis on other facts would have led to the award of severance benefits, that belief does not establish that the Administrator rendered an unreasonable interpretation of the Plan. *Canseco,* 93 F.3d 600.

### III.    Murray Is Not Entitled To An Award Of Attorney's Fees

Murray is not entitled to fees and costs in connection with the instant litigation. As a threshold matter, this request is premature. According to the local rules of this district, a motion for an award of attorney's fees should not be made until after judgment has been entered. Civil L.R. 54-6. The Court should therefore reject Plaintiff's present claim that he is entitled to attorney's fees, and resolve the fee claim of the prevailing party (which Defendant does not expect will be Plaintiff) at the conclusion of the proceedings.

Notwithstanding Plaintiff's untimely claim of attorney's fees, he is also not entitled to fees. An award of attorney's fees is within the discretion of the court. The Ninth Circuit has established a five-factor test to determine whether a court should exercise its discretion to award attorney's fees under § 1132(g)(1) of ERISA. A court will consider: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446, 453 (9th Cir. 1980). In this case, there is absolutely no evidence that Defendant operated in bad faith in

7

Defendant's Response In Opposition To Plaintiff's Notice Of Motion And Motion For Summary Judgment Or Summary Adjudication And Memorandum Of Points And Authorities In Support Thereof, Case No. C08-00906 JW

1 denying Plaintiff's claim for benefits or that awarding fees would deter others from acting under similar circumstances.  There is also no significant ERISA legal question in this case.  Based on the application of the factors, Plaintiff is not entitled to an award of attorney's fees in this case.

## **CONCLUSION**

For the reasons set forth above, this Court should grant summary judgment in favor of the Defendant and deny Plaintiff's motion for summary judgment.

Dated:  September 5, 2008

WINSTON & STRAWN LLP

 /s/  Joseph J. Torres
By:  Joseph J. Torres
Attorney for Defendant
THE ABBOTT SEVERANCE PAY PLAN FOR FORMER U.S. GUIDANT EMPLOYEES, 2006 EDITION

8

# CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant, The Abbott Severance Pay Plan For Former U.S. Guidant Employees, 2006 Edition, hereby certifies that on September 5, 2008, a true and correct copy of the foregoing DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF was filed electronically with the Court. Notice of this filing will be sent to parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Joseph J. Torres
Joseph J. Torres